United States District Court
Middle District of Florida
Jacksonville Division

**STARR INDEMNITY & LIABILITY COMPANY,**

    *Plaintiff,*

v.     NO. 3:20-cv-1389-BJD-PDB

**STRANGE LATHING & PLASTERING, INC.,
AND FLORIDIAN WALL SYSTEMS, INC.,**

    *Defendants.*

---

# Order

The plaintiff filed the original complaint in December 2020 and an amended complaint in April 2021, adding allegations that the defendants had evaded service of process. Docs. 1, 18. The plaintiff later moved for entry of default by the clerk. Doc. 20. The Court directed the plaintiff to supplement the motion with a memorandum of law and statement addressing substitution of service (including which Florida statute applies here) and whether any related requirements have been sufficiently alleged in the complaint. Doc. 20.

The plaintiff now moves to file a second amended complaint. Doc. 22. The plaintiff explains the amended complaint mistakenly cites the wrong Florida statute (§ 48.171 instead of § 48.181). Doc. 22 at 4. The plaintiff states it since has received a worksheet from the Putnam County Sheriff's Office with further information about service attempts. Doc. 22 at 2; Docs. 22-1 and 22-2 at 5 (worksheets for each defendant). The plaintiff wants to file a second amended complaint to include the correct statute and correct allegations about

substitute service, and the plaintiff requests additional time to serve the second amended complaint. Doc. 22 at 9.

If no amendment is permitted as a matter of course, a party may amend its pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*.

Considering the circumstances described by the plaintiff, the Court grants the motion, Doc. 22, to the extent the plaintiff may file a new pleading to correct the statute and allegations about substitute service by **September 3, 2021**, and the deadline to serve the defendants is extended to **September 27, 2021**. If the plaintiff is unable to serve the defendants with the new pleading by that time despite appropriate efforts, the plaintiff can move for leave to effect service under Fla. Stat. § 48.181. To the extent the plaintiff now moves for leave to effect service under § 48.181, the Court is unable to provide leave without first reviewing the allegations in the new pleading.

The Court denies the motion for entry of default by the clerk, Doc. 20, without prejudice.

**Ordered** in Jacksonville, Florida, on August 30, 2021.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*